## UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF MISSISSIPPI

IN RE:  Jeremy Boyle and Emily Gurley          NO. 19-14324
        Debtor(s)          Chapter 13

### CERTIFICATE OF MAILING

The undersigned hereby certifies that a true copy of the following document(s):

Amended Schedule "E", Amended Matrix, Notice to Each Creditor with 341 attached.

was/were mailed to all persons in interest at the addresses set forth in the exhibit which is attached hereto, electronically or by first class mail, postage prepaid.

This the 27th day of February, 2020.

           s/ Heidi S. Milam
           Heidi S. Milam, 9813
           P.O. Box 1169
           Southaven, MS   38671
           662-349-2322

### CERTIFICATE OF SERVICE

I Heidi S. Milam, do hereby certify that I have this day caused to be served the above documents(s) to the following:

Locke D. Barkley
sbeasley@barkley13.com

Office of the U.S. trustee
USTPRegion.05.AB.ECF@usdoj.gov

Department of Human Services
P.O. Box 23094
Jackson, MS   39225

This the 27th day of February, 2020.

           /s/  Heidi S. Milam
           Heidi S. Milam

2/24/20 2:16PM

**Fill in this information to identify your case:**

| | | | |
|---|---|---|---|
| Debtor 1 | Jeremy | Glenn | Boyle |
| | First Name | Middle Name | Last Name |
| Debtor 2 | Emily | Kay | Gurley |
| (Spouse if, filing) | First Name | Middle Name | Last Name |

United States Bankruptcy Court for the: NORTHERN DISTRICT OF MISSISSIPPI

Case number  19-14324
(if known)

☐ Check if this is an amended filing

## Official Form 106E/F
### Schedule E/F: Creditors Who Have Unsecured Claims    12/15

Be as complete and accurate as possible. Use Part 1 for creditors with PRIORITY claims and Part 2 for creditors with NONPRIORITY claims. List the other party to any executory contracts or unexpired leases that could result in a claim. Also list executory contracts on Schedule A/B: Property (Official Form 106A/B) and on Schedule G: Executory Contracts and Unexpired Leases (Official Form 106G). Do not include any creditors with partially secured claims that are listed in Schedule D: Creditors Who Have Claims Secured by Property. If more space is needed, copy the Part you need, fill it out, number the entries in the boxes on the left. Attach the Continuation Page to this page. If you have no information to report in a Part, do not file that Part. On the top of any additional pages, write your name and case number (if known).

### Part 1: List All of Your PRIORITY Unsecured Claims

1. Do any creditors have priority unsecured claims against you?
   ☐ No. Go to Part 2.
   ☒ Yes.

2. List all of your priority unsecured claims. If a creditor has more than one priority unsecured claim, list the creditor separately for each claim. For each claim listed, identify what type of claim it is. If a claim has both priority and nonpriority amounts, list that claim here and show both priority and nonpriority amounts. As much as possible, list the claims in alphabetical order according to the creditor's name. If you have more than two priority unsecured claims, fill out the Continuation Page of Part 1. If more than one creditor holds a particular claim, list the other creditors in Part 3.
   (For an explanation of each type of claim, see the instructions for this form in the instruction booklet.)

| | | Total claim | Priority amount | Nonpriority amount |
|---|---|---|---|---|
| 2.1 | **Department of Human Services** Priority Creditor's Name<br>P.O. Box 23094<br>Jackson, MS 39225<br>Number Street City State Zip Code<br>**Who incurred the debt?** Check one.<br>☐ Debtor 1 only<br>☐ Debtor 2 only<br>☒ Debtor 1 and Debtor 2 only<br>☐ At least one of the debtors and another<br>☐ Check if this claim is for a community debt<br>**Is the claim subject to offset?**<br>☒ No<br>☐ Yes | Last 4 digits of account number ____<br>When was the debt incurred? ____<br>**As of the date you file, the claim is:** Check all that apply<br>☐ Contingent<br>☐ Unliquidated<br>☐ Disputed<br>**Type of PRIORITY unsecured claim:**<br>☒ Domestic support obligations<br>☐ Taxes and certain other debts you owe the government<br>☐ Claims for death or personal injury while you were intoxicated<br>☐ Other. Specify ____ | Unknown | $0.00 | $0.00 |

### Part 2: List All of Your NONPRIORITY Unsecured Claims

3. Do any creditors have nonpriority unsecured claims against you?
   ☒ No. You have nothing to report in this part. Submit this form to the court with your other schedules.
   ☐ Yes.

### Part 3: List Others to Be Notified About a Debt That You Already Listed

5. Use this page only if you have others to be notified about your bankruptcy, for a debt that you already listed in Parts 1 or 2. For example, if a collection agency is trying to collect from you for a debt you owe to someone else, list the original creditor in Parts 1 or 2, then list the collection agency here. Similarly, if you have more than one creditor for any of the debts that you listed in Parts 1 or 2, list the additional creditors here. If you do not have additional persons to be notified for any debts in Parts 1 or 2, do not fill out or submit this page.

### Part 4: Add the Amounts for Each Type of Unsecured Claim

6. Total the amounts of certain types of unsecured claims. This information is for statistical reporting purposes only. 28 U.S.C. §159. Add the amounts for each type of unsecured claim.

Total Claim

Official Form 106 E/F    Schedule E/F: Creditors Who Have Unsecured Claims    Page 1 of 2
Software Copyright (c) 1996-2020 Best Case, LLC - www.bestcase.com    51481    Best Case Bankruptcy

2/24/20 2:16PM

Debtor 1  **Jeremy Glenn Boyle**
Debtor 2  **Emily Kay Gurley**

Case number (if known)  **19-14324**

| | | | | | |
|---|---|---|---|---|---|
| Total claims from Part 1 | 6a. | Domestic support obligations | 6a. | $ | 0.00 |
| | 6b. | Taxes and certain other debts you owe the government | 6b. | $ | 0.00 |
| | 6c. | Claims for death or personal injury while you were intoxicated | 6c. | $ | 0.00 |
| | 6d. | Other. Add all other priority unsecured claims. Write that amount here. | 6d. | $ | 0.00 |
| | 6e. | Total Priority. Add lines 6a through 6d. | 6e. | $ | 0.00 |

| | | | | Total Claim | |
|---|---|---|---|---|---|
| Total claims from Part 2 | 6f. | Student loans | 6f. | $ | 0.00 |
| | 6g. | Obligations arising out of a separation agreement or divorce that you did not report as priority claims | 6g. | $ | 0.00 |
| | 6h. | Debts to pension or profit-sharing plans, and other similar debts | 6h. | $ | 0.00 |
| | 6i. | Other. Add all other nonpriority unsecured claims. Write that amount here. | 6i. | $ | 0.00 |
| | 6j. | Total Nonpriority. Add lines 6f through 6i. | 6j. | $ | 0.00 |

```
                                                              CLF 156
                                                          (Rev. 08/27/08)
```

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF MISSISSIPPI

IN RE: Jeremy Glenn Goyle and Emily Kay Gurley    CASE NO. 19-14324
       DEBTOR(S)

TO:  Locke D. Barkley, P.O. Box 55829, Jackson, MS  39296

     R. Michael Bolen, 100 W. Capitol Street, Suite 706, Jackson, MS
     39269

Department of Human Services, P.O. Box 23094, Jackson, MS  39225

NOTICE TO EACH ADDED CREDITOR, TRUSTEE AND U.S. TRUSTEE

PLEASE TAKE NOTICE that the undersigned debtor(s) has filed an amendment to the bankruptcy schedules to add one or more additional creditors, which said amendment lists the creditor noticed hereby as an additional scheduled creditor in the above captioned bankruptcy case.

Within twenty one (21) days of the date of this notice, the added creditor has the right to request of the U.S. Trustee, McCoy Federal Building, 100 W. Capitol Street, Suite 706, Jackson, Mississippi 39269, an adjourned §341(a) creditors' meeting (see copy of original meeting notice enclosed) if the added creditor wishes to examine the debtor(s) under oath.

The added creditor has the right within sixty (60) days of the date of this notice to file a complaint objecting to the discharge of the debtor(s), or a complaint to determine the dischargeability of a debt, or to file a motion requesting an extension of time to file such a complaint, unless a longer period of time is provided by the Federal Rules of Bankruptcy Procedure.

If this is a CHAPTER 7, 12 OR 13 case and the attached §341 meeting notice contains language "Please Do Not File a Proof of Claim Unless You Receive a Notice To Do So", then, you do not need to file a claim at this time. However, if the notice contains a Proof of Claim deadline, as an added creditor you have 70 days from the date of mailing of this notice to file a Proof of Claim.

If this is a CHAPTER 11 case, you have the right to file a proof of claim by the bar date indicated on the attached §341 meeting notice or 30 days from the date of mailing of this notice, whichever is later.

PLEASE TAKE NOTICE ALSO that the undersigned debtor(s) and/or the debtor(s)' attorney is required to send a copy of the amended schedule to each added creditor, to the case trustee and to the U.S. Trustee.

                                          s/ Heidi S. Milam
                                          ATTORNEY FOR DEBTOR(S)

CERTIFICATE OF SERVICE

I, Heidi S. Milam, Debtor(s) or Attorney for the above listed Debtor(s), do hereby certify that I have this date mailed a true and correct copy of the above Notice to Creditors, a copy of the §341 meeting notice, and the amended schedule(s) to the affected creditor(s), case trustee, if applicable, and U. S. Trustee at the above listed address(es).

THIS the 27th day of February, 2020.

                                                  s/ Heidi S. Milam
                                                    Heidi S. Milam

Heidi S. Milam  #9813
Attorney For Debtor
P.O. Box 1169
Southaven, MS  38671
662-349-2322

**United States Bankruptcy Court**
**FOR THE**
Northern Dist Of MS Aberdeen Division

| | | |
|---|---|---|
| Debtor 1: JEREMY GLENN BOYLE | Last 4 digits of Social Security number or ITIN: EIN: | D-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 |
| Debtor 2: EMILY KAY GURLEY | Last 4 digits of Social Security number or ITIN: EIN: | J-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 |
| Case Number: 19-14324-JDW | Date Case Filed or Converted to Chapter 13: | October 23, 2019 |

Form 309I (12/15)

## NOTICE OF CHAPTER 13 BANKRUPTCY CASE

For the debtors listed above, a case has been filed under chapter 13 of the Bankruptcy Code. An order for relief has been entered.

This notice has important information about the case for creditors, debtors, and trustees, including information about the meeting of creditors and deadlines. Read both pages carefully.

The filing of the case imposed an automatic stay against most collection activities. This means that creditors generally may not take action to collect debts from the debtors, the debtors' property, and certain codebtors. For example, while the stay is in effect, creditors cannot sue, garnish wages, assert a deficiency, repossess property, or otherwise try to collect from the debtors. Creditors cannot demand repayment from debtors by mail, phone, or otherwise. Creditors who violate the stay can be required to pay actual and punitive damages and attorney's fees. Under certain circumstances, the stay may be limited to 30 days or not exist at all, although debtors can ask the court to extend or impose a stay.

Confirmation of a chapter 13 plan may result in a discharge. Creditors who assert that the debtors are not entitled to a discharge under 11 U.S.C. § 1328(f) must file a motion objecting to discharge in the bankruptcy clerk's office within the deadline specified in this notice. Creditors who want to have their debt excepted from discharge may be required to file a complaint in the bankruptcy clerk's office by the same deadline. (See line 13 below for more information.)

To protect your rights, consult an attorney. All documents filed in this case may be inspected at the bankruptcy clerk's office at the address listed below or through PACER (Public Access to Court Electronic Records at www.pacer.gov).

The staff of the bankruptcy clerk's office cannot give legal advice.

To help creditors correctly indentify debtors, debtors submit full Social Security or Individual Taxpayer Identification Numbers, which may appear on a version of this notice. However, the full numbers must not appear on any document filed with the court.

Do not file this notice with any proof of claim or other filing in this case. Do not include more that the last four digits of a Social Security or Individual Taxpayer Identification Number in any document, including attachments, that you file with the court.

| | About Debtor 1: | About Debtor 2: |
|---|---|---|
| 1: Debtor's full name | JEREMY GLENN BOYLE | EMILY KAY GURLEY |
| 2: All other names used in the last 8 years | | |
| 3: Address | 257 WINBORN TOWER ROAD POTTS CAMP, MS 38659 | If debtor 2 lives at a different address: 257 WINBORN TOWER ROAD POTTS CAMP, MS 38659 |
| 4: Debtor's attorney Name and Address | HEIDI S MILAM PO BOX 1169 SOUTHAVEN, MS 38671 | Contact phone (662) 349-2322 Email |
| 5: Bankruptcy trustee Name and Address | Locke D. Barkley 6360 I-55 North Suite 140 Jackson, MS 39211 | Contact phone (601) 355-6661 Email www.barkley13.com |
| 6: Bankruptcy Clerk's office Documents in this case may be filed at this address. You may inspect all records filed in this case at this office or online a www.pacer.gov. | US Bankruptcy Courthouse 703 Hwy 145 North Aberdeen, MS 39730 | Hours open Contact phone |

Form 309I   Page 1

For more information, see page 2

111919 .0004 .73 .00429307 .003     1914324.799  .9.002

387

04241323 000001 02 04 000



| 7: Meeting of creditors | | | |
|---|---|---|---|
| Debtors must attend the meeting to be questioned under oath. In a joint case, both spouses must attend. | December 18, 2019<br>Date | at 11:30 AM<br>Time | Location: The Landers Center<br>4560 Venture Dr<br>Room 11<br>Southaven, MS 38671 |
| Creditors may attend, but are not required to do so. | The meeting may be continued or adjourned to a later date. If so, the date will be on the court docket. | | |

| 8: Deadlines | | | |
|---|---|---|---|
| The bankruptcy clerk's office must receive these documents and any required filing fee by the following deadlines. | **Deadline to file a complaint to challenge dischargeability of certain debts:**<br>You must file:<br>■ a motion if you assert that the debtors are not entitled to receive a discharge under U.S.C. § 1328(f), or<br>■ a complaint if you want to have a paticular debt excepted from discharge under U.S.C. § 523(a)(2) or (4). | Filing deadline: | February 17, 2020 |
| | **Deadline for all creditors to file a proof of claim** (except governmental units): | Filing deadline: | January 01, 2020 |
| | **Deadline for governmental units to file a proof of claim:** | Filing deadline: | April 20, 2020 |
| | **Deadlines for filing proof of claim:**<br>A proof of claim is a signed statement describing a creditor's claim. A proof of claim form may be obtained at www.uscourts.gov or any bankruptcy clerk's office. If you do not file a proof of claim by the deadline, you might not be paid for your claim. To be paid, you must file a proof of claim even if your claim is listed in the schedules that the debtor filed.<br>Secured creditors retain rights in their collateral regardless of whether they file a proof of claim.<br>Filing a proof of claim submits the creditor to the jurisdiction of the bankruptcy court, with consequences a lawyer can explain. For example, a secured creditor who files a proof of claim may surrender important nonmonetary rights, including the right to a jury trial. | | |
| | **Deadline to object to exemptions:**<br>The law permits debtors to keep certain property as exempt. If you believe that the law does not authorize an exemption claimed, you may file an objection. | Filing deadline: | 30 days after the conclusion of the meeting of creditors |

| 9: Filing of plan | Miss. Bankr. L.R. 3015-1(d) requires the debtor to serve a copy of the plan and related notice on the Trustee, the US Trustee, and all creditors. The plan may contain a motion for valuation of security and/or a motion to avoid lien. Any objection to the plan or to any motion contained therein shall be in writing and filed with the Clerk of Court on or before January 02, 2020. Objections will be heard on January 14, 2020 at 01:30 PM, Oxford Federal Building, 911 Jackson Avenue, Oxford, MS 38655 unless otherwise ordered by the court. the plan may be confirmed without a hearing.<br><br>[X] The debtor has filed a plan. The plan or a summary of the plan will be sent separately. |
|---|---|
| 10: Creditors with a foreign address | If you are a creditor receiving a notice mailed to a foreign address, you may file a motion asking the court to extend the deadline in this notice. Consult an attorney familiar with United States bankruptcy law if you have any questions about your rights in this case. |
| 11: Filing a chapter 13 bankruptcy case | Chapter 13 allows an individual with regular income and debts below a specified amount to adjust debts according to a plan. A plan is not effective unless the court confirms it. You may object to confirmation of the plan and appear at the confirmation hearing. A copy of the plan will be sent to you later and the court will send you a notice of the confirmation hearing. The debtor will remain in possession of the property and may continue to operate the business, if any, unless the court orders otherwise. |
| 12: Exempt property | The law allows debtors to keep certain property as exempt. Fully exempt property will not be sold and distributed to creditors, even if the case is converted to chapter 7. Debtors must file a list of property claimed as exempt. You may inspect that list at the bankruptcy clerk's office or online at www.pacer.gov. If you believe that the law does not authorize an exemption that debtors claimed, you may file an objection by the deadline. |
| 13: Discharge of debts | Confirmation of a chapter 13 plan may result in a discharge of debts, which may include all or part of a debt. However, unless the court orders otherwise, the debts will not be discharged until all payments under the plan are made. A discharge means that creditors may never try to collect the debt from the debtors personally except as provided in the plan. If you want to have a particular debt excepted from discharge under 11 U.S.C. § 523(a)(2) or (4), you must file a complaint and pay the filing fee in the bankruptcy clerk's office by the deadline. If you beleive that the debtors are not entitled to a discharge of any of their debts under 11 U.S.C. § 1328(f), you must file a motion. The bankruptcy clerk's office must receive the objection by the deadline to object to exemptions in line 8. |

Form 309I    Page 2